## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MAINE

| | |
|---|---|
| PAMELA WALKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| LAW OFFICES HOWARD | ) |
| LEE SCHIFF, P.C. | ) |
| | ) |
| Defendant. | ) |

### COMPLAINT
### 29 U.S.C. §§ 201, *et seq.*
### 26 M.R.S.A. §§ 664, 670

NOW COMES the above named Plaintiff PAMELA WALKER (hereinafter "Ms. Walker" or "Plaintiff") and, by counsel, makes the following Complaint against Defendant LAW OFFICES HOWARD LEE SCHIFF, P.C. (hereinafter "HLS" or "Defendant"):

### PARTIES

1.      Plaintiff Pamela Walker resides in Falmouth, Cumberland County, Maine.

2.      Defendant is a Connecticut corporation with a primary place of business in East Hartford, Connecticut.

3.      Doing business as "Law Offices Howard Lee Schiff, P.C.", Defendant maintains five other New England offices, including Portland, Maine (where Plaintiff worked); Nashua, New Hampshire; Auburn, Massachusetts; Providence, Rhode Island; and Brattleboro, Vermont.

4.      At all times material herein, Defendant grossed (annually) more than $500,000.00 while engaged in interstate commerce.

### JURISDICTION

5.      Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1332.

## ALLEGATIONS COMMON TO ALL COUNTS

6.      Ms. Walker was employed by HLS as a Litigation Manager from January 27, 2003 to January 13, 2014 (full time on or about September 8, 2003).

7.      Ms. Walker was classified by Defendant as a "non-exempt" hourly employee, meaning among other things she was entitled to overtime compensation for all hours worked in excess of forty per week.

8.      Ms. Walker was typically scheduled to work forty hours per week over four ten-hour shifts between Monday-Thursday (i.e., 7:00 a.m. to 5:30 p.m. with thirty minutes for lunch).

9.      Ms. Walker earned $27.15/hour as of her last day of work on January 13, 2014.

10.     As reflected in her annual performance evaluations, Ms. Walker met or exceeded HLS' performance expectations and was given regular pay raises since 2003.

11.     Although Ms. Walker regularly worked in excess of forty hours per week, she was infrequently paid for the hours she worked in excess of forty hours (i.e., overtime).

12.     In addition to working 7:00 a.m. through 5:30 pm. Monday through Thursday, Ms. Walker regularly reported to work before 7:00 a.m., regularly stayed well beyond 5:30 p.m., worked most Fridays and many weekends, worked through lunch, and was expected to be available to respond to the needs of lawyers and other HLS staff "24/7".

13.     Defendant knew Ms. Walker regularly worked in excess of forty hours per week.

14.     Despite its knowledge that Ms. Walker regularly worked in excess of forty hours per week, Defendant regularly failed to pay Ms. Walker the applicable overtime rate.

15.     Defendant terminated Ms. Walker's employment on or about January 13, 2014.

16.     In November 2014, Plaintiff sent a written demand for payment but Defendant refused to pay any unpaid wages to Plaintiff.

## CAUSES OF ACTION

### COUNT I – Failure to Pay Overtime
### Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*

17.     Plaintiff hereby repeats, re-alleges, and incorporates by reference the foregoing paragraphs 1-16 of this Complaint.

18.     Plaintiff was employed as a non-exempt hourly employee by Defendant between January 2003 and January 2014.

19.     Defendant engaged in interstate commerce and annually grossed in excess of $500,000.00 at all times relevant to this action.

20.     Pursuant to the F.L.S.A., Defendant was required to pay Plaintiff 1.5 times her regular hourly rate of pay for all time she worked in excess of forty (40) hours in a work week.

21.     Defendant's failure to pay Plaintiff the statutory hourly and overtime wage for all hours worked violates the F.L.S.A.

22.     Defendant has failed to tender payment of unpaid wages after their receipt of Plaintiff's demand for payment.

23.     Defendant's actions in violating the above named statutes were willful and not the result of mistake or inadvertence.

24.     As a direct and proximate result of Defendant's failure to pay Plaintiff for all hours worked, Plaintiff has suffered damages in an amount to be proven at trial.

### COUNT II - Overtime Wages
### 26 M.R.S.A. §§ 664, 670

25.     Plaintiff hereby repeats, re-alleges, and incorporates by reference the foregoing paragraphs 1-24 of this Complaint.

26.     Plaintiff was an employee of Defendant within the meaning of 26 M.R.S.A. §663.

27.     Pursuant to 26 M.R.S.A. §664, Defendant was required to pay Plaintiff 1.5 times her regular hourly rate of pay for all time she worked in excess of forty (40) hours per week.

28.     Defendant's failure to pay Plaintiff the statutory hourly and overtime wage for all hours worked violates 26 M.R.S.A. §664.

29.     Defendant has failed to tender payment of unpaid wages after their receipt of Plaintiff's demand for payment.

30.     Defendant's actions in violating the above named statutes were willful and not the result of mistake or inadvertence.

31.     As a direct and proximate result of Defendant's failure to pay Plaintiff for all hours worked, Plaintiff has suffered damages in an amount to be proven at trial.

WHEREFORE, Plaintiff respectfully requests that this Court

(1)     Enter judgment in her favor and against Defendant;
(2)     Award damages in an amount equal to Plaintiff's unpaid overtime wages;
(3)     Award liquidated damages in an amount which equals the unpaid overtime wages;
(4)     Award prejudgment interest and costs incurred in prosecuting these claims;
(5)     Award attorneys' fees incurred in prosecuting these claims; and
(6)     Award all such other legal and equitable relief available to her and for all such relief as the Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all counts so triable.

DATED:  February 12, 2015                    RESPECTFULLY SUBMITTED,


/s/ James A. Clifford
James A. Clifford, Esq.,
CLIFFORD & CLIFFORD, LLC
62 Portland Rd., Suite 37
Kennebunk, ME 04043
(207) 985-3200
james@cliffordclifford.com

4