UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| PAMELA WALKER,<br><br>　　　　PLAINTIFF,<br><br>v.<br><br>LAW OFFICES HOWARD LEE SCHIFF, P.C.,<br><br>　　　　DEFENDANT. | )<br>)<br>)<br>)<br>)　Civil Action Docket No.<br>)　2:15-cv-00059-NT<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### DEFENDANT'S ANSWER AND DEFENSES
### TO PLAINTIFF'S COMPLAINT

Defendant Law Offices Howard Lee Schiff, P.C. ("Defendant") responds to the allegations contained in the Complaint of Plaintiff Pamela Walker ("Plaintiff") as follows:

　　1.　Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint and, therefore, denies the same

　　2.　Defendant admits the allegations contained in Paragraph 2 of the Complaint.

　　3.　Defendant admits the allegations contained in Paragraph 3 of the Complaint.

　　4.　Defendant states that a reply to the allegations contained in Paragraph 4 of the Complaint is not required, as the allegations constitute conclusions of law or mere characterizations of Plaintiff's Complaint. To the extent that a reply is required, Defendant admits only that it grossed more than $500,000 per year during the period in question. Except as expressly admitted herein, Defendant denies the remaining allegations contained in Paragraph 4 of the Complaint.

## JURISDICTION

5. Defendant states that a reply to the allegations contained in Paragraph 5 of the Complaint is not required, as the allegations constitute conclusions of law or mere characterizations of Plaintiff's Complaint.

## ALLEGATIONS COMMON TO ALL ACCOUNTS

6. Defendant admits that Plaintiff was employed by Defendant as a Litigation Manager from January 27, 2003 through January 13, 2014. Defendant denies the remaining allegations contained in Paragraph 6 of the Complaint.

7. Defendant states that a reply to the allegations contained in Paragraph 7 of the Complaint is not required, as the allegations constitute conclusions of law or mere characterizations of Plaintiff's Complaint.

8. Defendant denies the allegations contained in Paragraph 8 of the Complaint.

9. Defendant admits that, at the time of Plaintiff's termination, she was compensated at the rate of $27.15 per hour.

10. Defendant admits that Plaintiff received pay increases during the course of her employment with Defendant. Defendant further states that a written evaluation is a document that speaks for itself and to the extent that Plaintiff's characterization of the evaluation is inconsistent with the content of the evaluation, Defendant denies those characterizations. Defendant denies the remaining allegations contained in Paragraph 10 of the Complaint.

11. Defendant denies the allegations contained in Paragraph 11 of the Complaint.

12. Defendant denies the allegations contained in Paragraph 12 of the Complaint.

13. Defendant denies the allegations contained in Paragraph 13 of the Complaint.

14. Defendant denies the allegations contained in Paragraph 14 of the Complaint.

15. Defendant admits the allegations contained in Paragraph 15 of the Complaint.

16. Defendant admits that Plaintiff's counsel sent a letter to Defendant in November 2014. Defendant further states that the letter is a written document that speaks for itself and to the extent that Plaintiff's characterization of the letter is inconsistent with the content of the letter, Defendant denies those characterizations. Defendant specifically denies that it refused to pay any wages that were due to Plaintiff.

## CAUSES OF ACTION

### COUNT I - Failure to Pay Overtime
### Fair Labor Standards Act, 29 U.S.C. §201, et seq.

17. Defendant repeats and incorporates herein by reference each and every admission, denial, and response contained in Paragraphs 1 – 16 of the Answer as if fully set forth herein.

18. Defendant states that a reply to the allegations contained in Paragraph 18 of the Complaint is not required, as the allegations constitute conclusions of law or mere characterizations of Plaintiff's Complaint.

19. Defendant states that a reply to the allegations contained in Paragraph 19 of the Complaint is not required, as the allegations constitute conclusions of law or mere characterizations of Plaintiff's Complaint. To the extent that a reply is required, Defendant admits only that it grossed more than $500,000 per year during the period in question. Except as expressly admitted herein, Defendant denies the remaining allegations contained in Paragraph 20 of the Complaint.

20. Defendant states that a reply to the allegations contained in Paragraph 20 of the Complaint is not required, as the allegations constitute conclusions of law or mere characterizations of Plaintiff's Complaint. Further responding, Defendant specifically denies that it owes Plaintiff any unpaid wages.

21. Defendant states that a reply to the allegations contained in Paragraph 21 of the Complaint is not required, as the allegations constitute conclusions of law or mere characterizations of Plaintiff's Complaint. Further responding, Defendant specifically denies that it owes Plaintiff any unpaid wages.

22. Defendant states that a reply to the allegations contained in Paragraph 22 of the Complaint is not required, as the allegations constitute conclusions of law or mere characterizations of Plaintiff's Complaint. Further responding, Defendant specifically denies that it owes Plaintiff any unpaid wages.

23. Defendant states that a reply to the allegations contained in Paragraph 23 of the Complaint is not required, as the allegations constitute conclusions of law or mere characterizations of Plaintiff's Complaint. Further responding, Defendant specifically denies that it owes Plaintiff any unpaid wages.

24. Defendant states that a reply to the allegations contained in Paragraph 24 of the Complaint is not required, as the allegations constitute conclusions of law or mere characterizations of Plaintiff's Complaint. Further responding, Defendant specifically denies that it owes Plaintiff any unpaid wages.

### COUNT II – Overtime Wages
### 26 M.R.S.A. §§ 664, 670

25. Defendant repeats and incorporates herein by reference each and every admission, denial, and response contained in Paragraphs 1 – 24 of the Answer as if fully set forth herein.

26. Defendant states that a reply to the allegations contained in Paragraph 26 of the Complaint is not required, as the allegations constitute conclusions of law or mere characterizations of Plaintiff's Complaint.

27. Defendant states that a reply to the allegations contained in Paragraph 27 of the Complaint is not required, as the allegations constitute conclusions of law or mere characterizations of Plaintiff's Complaint.  Further responding, Defendant specifically denies that it owes Plaintiff any unpaid wages.

28. Defendant states that a reply to the allegations contained in Paragraph 28 of the Complaint is not required, as the allegations constitute conclusions of law or mere characterizations of Plaintiff's Complaint.  Further responding, Defendant specifically denies that it owes Plaintiff any unpaid wages.

29. Defendant states that a reply to the allegations contained in Paragraph 29 of the Complaint is not required, as the allegations constitute conclusions of law or mere characterizations of Plaintiff's Complaint.  Further responding, Defendant specifically denies that it owes Plaintiff any unpaid wages.

30. Defendant states that a reply to the allegations contained in Paragraph 30 of the Complaint is not required, as the allegations constitute conclusions of law or mere characterizations of Plaintiff's Complaint.  Further responding, Defendant specifically denies that it owes Plaintiff any unpaid wages.

31. Defendant states that a reply to the allegations contained in Paragraph 31 of the Complaint is not required, as the allegations constitute conclusions of law or mere characterizations of Plaintiff's Complaint.  Further responding, Defendant specifically denies that it owes Plaintiff any unpaid wages.

## **PRAYER FOR RELIEF**

Defendant denies that Plaintiff is entitled to any judgment, damages or relief whatsoever against Defendant based on her alleged causes of action, including the specific relief requested in

the Complaint, and submits that Defendant should be awarded its costs, attorneys' fees and such other and further relief as the Court deems appropriate.

## GENERAL DENIAL

Defendant denies each allegation contained in the Complaint that is not specifically admitted.

## DEMAND FOR JURY TRIAL

Defendant denies that Plaintiff is entitled to a jury trial on all or some of her claims.

## DEFENSES

1. The Complaint fails to state a claim upon which relief may be granted.

2. Defendant acted in good faith and without malice or unlawful intent at all relevant times.

3. Plaintiff has failed to mitigate her damages, if any.

4. Plaintiff was not damaged in the manner or to the extent alleged in the Complaint.

5. Plaintiff is not entitled to relief under some or all of her claims to seek or recover attorneys' fees, prejudgment interest, costs, and/or liquidated damages.

6. Some or all of Plaintiff's claims are barred by the doctrine of laches.

7. Some or all of Plaintiff's claims are barred by the doctrine of estoppel, offset, and/or set off.

8. Some or all of Plaintiff's claims are barred by the doctrine of waiver.

9. Some or all of Plaintiff's claims are barred by the Statute of Limitations.

10. Defendant properly compensated Plaintiff for all work performed during her employment with Defendant, and Plaintiff's claims are barred, in whole or in part, by the doctrine of payment.

11. Defendant at all times endeavored to comply with 26 M.R.S.A. § 664 and 29 U.S.C. § 201 *et seq.* and had reasonable grounds for believing it was in compliance therewith.

12. Plaintiff was not entitled to any additional compensation upon her termination from Defendant, pursuant to 26 M.R.S.A. § 664 or 29 U.S.C. § 201 *et seq.*

13. If Plaintiff is entitled to recover additional compensation, Defendant has not willfully, without good cause, or intentionally failed to pay such additional compensation, and, as such, none of Defendant's actions or omissions constitute a willful violation of law and neither liquidated nor multiple damages should be awarded.

14. If Plaintiff was to recover in this action, she would be unjustly enriched.

15. Plaintiff's claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

16. Plaintiff's claims are barred, in whole or in part, by statutory exclusions, exceptions or credits under The FLSA and/or Maine law.

17. Defendant had a good faith and reasonable belief that its wage payment practices were in compliance with federal and state law, and, therefore, Plaintiff is not due any damages in excess of any wages that may be found to be due.

18. Pursuant to 29 U.S.C. §259 and other applicable law, Defendant's alleged failure to pay Plaintiff, if at all, was in good faith in conformity with and in reliance on an administrative regulation, order, ruling, approval, or interpretation, administrative practice,

and/or enforcement policy of the Wage and Hour Division of the United States Department of Labor, the Maine Department of Labor, or other comparable agency.

19. Plaintiff's claims are barred in whole or in part because the work alleged to be unpaid is not compensable time under applicable law, including, without limitation, because it was preliminary, postliminary, or *de minimis.*

20. Some or all of Plaintiff's claims are barred by the doctrine of unclean hands and/or inequitable or wrongful conduct.

21. Some or all of Plaintiff's claims are barred, or recovery reduced, by the doctrine of avoidable consequences.

22. Plaintiff's claims are barred to the extent Plaintiff misrepresented to Defendant the hours actually worked.

23. Defendant had no knowledge of, nor should it have had knowledge of, any alleged uncompensated overtime work by Plaintiff and Defendant did not authorize, require, request, suffer or permit such activity by Plaintiff.

24. Plaintiff's alleged injuries and/or damages, if any, were caused by Plaintiff's own actions, omissions, or conduct.

25. Any amounts properly excluded from the calculation of the regular rate of pay pursuant to 29 U.S.C. § 207(e), or comparable state law or regulation, must likewise be excluded from the calculation of any overtime pay rate which may be found to be due Plaintiff.

26. Defendant has not willfully failed to pay Plaintiff any wages, and there is a bona fide, good faith dispute with respect to Defendant's obligation to pay any wages that may be found to be due.

27. Defendant expressly reserves the right to supplement its Answer to include additional defenses which may become known to it.

Dated: April 22, 2015

/s/ *Melinda J. Caterine*
Melinda J. Caterine
**LITTLER MENDELSON, P.C.**
1 Monument Square
Suite 600
Portland, ME  04101
Phone: 207.774.6001
mcaterine@littler.com

Attorney for Defendant
Law Offices Howard Lee Schiff, P.C.

## CERTIFICATE OF SERVICE

I, Melinda J. Caterine, attorney for Defendant, hereby certify that on this date I electronically filed the foregoing document using the CM/ECF system which will send notification of such filing to all registered participants.

Dated: April 22, 2015

/s/ *Melinda J. Caterine*
Melinda J. Caterine
**LITTLER MENDELSON, P.C.**
1 Monument Square
Suite 600
Portland, ME  04101
Phone: 207.774.6001
mcaterine@littler.com

Attorney for Defendant
Law Offices Howard Lee Schiff, P.C.