# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| PAMELA WALKER, <br><br> PLAINTIFF, <br><br> v. <br><br> LAW OFFICES HOWARD LEE SCHIFF, P.C., <br><br> DEFENDANT. | Civil Action Docket No. <br> 2:15-cv-00059-NT |

## JOINT MOTION FOR JUDICIAL APPROVAL OF SETTLEMENT AGREEMENT

Plaintiff Pamela Walker and Defendant Law Offices Howard Lee Schiff, P.C., jointly request that the Court approve the Confidential Settlement Agreement and Release ("Settlement Agreement") entered into between the parties in this action. In support of this motion, the parties state as follows:

1. Plaintiff brought this action against Defendant asserting claims for relief based on alleged failure to pay overtime wages in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* (the "FLSA") and 26 M.R.S.A. §§ 661 *et seq.* (the "Maine Wage Laws"). The parties continue to dispute the amount, if any, of overtime wages due to the Plaintiff, and Defendant has denied and continues to deny Plaintiff's claims in this action.

2. Following extensive discovery, including production of Plaintiff's work schedules, time records, computer records, and payroll records, the parties engaged in a Judicial Settlement Conference before Magistrate Judge Nivison on January 26, 2016. As a result of the Judicial Settlement Conference, which lasted throughout the course of the day, the parties

reached a settlement of Plaintiff's claims, memorialized in a written Settlement Agreement. The parties maintain that the settlement is fair and reasonable.

3. Because Plaintiff's claims include claims under the FLSA, the parties require judicial approval of the Settlement Agreement. The FLSA places limits on an employee's ability to waive claims out of fear that employers could coerce employees into settlement and waiver of their claims. *See*, *e.g.*, *Barrentine v. Arkansas-Best Freight System*, 450 U.S. 728 (1981); *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 706 – 07 (1945); *Manning v. New York University*, 2001 U.S. Dist. LEXIS 12697, *35 (S.D.N.Y. 2001). Accordingly, some courts hold that there are only two ways for employees to settle and waive FLSA claims for unpaid wages: (1) settlements supervised by the Secretary of Labor; and (2) judicially-approved stipulated settlements. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352 – 53 (11th Cir. 1982); *Manning*, 2001 U.S. Dist. LEXIS 12697 at *35. *See also Urbino v. Puerto Rico Ry. Light & Power Co.*, 164 F.2d 12, 14 (1st Cir. 1947).

4. There is a split of authority amongst the Circuit Courts on the issue, with some courts holding that private settlements of an FLSA claim are enforceable without judicial approval when the claims—such as the claims in this case—are "predicated on a bona fide dispute about time worked and not as a compromise of guaranteed FLSA substantive rights themselves," and when employees have entered the agreement with the assistance of counsel and are well-informed of their FLSA rights. *See*, *e.g.*, *Martin v. Spring Break '83 Prods., LLC,* 688 F.3d 247, 255-256 (5th Cir. 2012), *cert. denied*, 133 S. Ct. 795 (2012). Because it does not appear that the matter has been addressed by the First Circuit, the parties seek judicial approval to ensure the enforceability of the settlement of Plaintiff's FLSA claims.

5.     "In considering an FLSA settlement submitted for approval, courts must consider whether the agreement reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA*, 2008 U.S. Dist. LEXIS 46174 (E.D.N.Y. 2008), quoting *Lynn's Food Stores, Inc.*, 679 F.2d at 1354.

6.     In this case, Plaintiff was represented by competent counsel with experience in FLSA issues.  In addition, the parties engaged in extensive discovery and reached an arms-length settlement after a thorough mediation with Magistrate Judge Nivison.  It is clear as a result of this litigation and the mediation, that the settlement reached by the parties reflects a "reasonable compromise of disputed issues," and that it is not a "mere waiver of statutory rights brought about by an employer's overreaching."  In the interest of resolving this matter without the need for, or the inherent risks and costs associated with, further litigation, Plaintiff agreed to compromise her disputed claims for liquidated damages, which courts have specifically recognized may be compromised in a settlement of disputed claims.  *See, e.g., D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108, 113 n. 8; *Urbino*, 164 F.2d at 14.

7.     Pursuant to its terms, the Settlement Agreement reached by the parties is confidential.  The Settlement Agreement is available for review by the Court.  Since the terms are confidential, the parties respectfully request that the Court review the information *in camera* to maintain the confidentiality of the settlement agreement.  With approval by the Court, counsel for the parties will deliver the Settlement Agreement to the Court for *in camera* review.

WHEREFORE, Plaintiffs and Defendants respectfully request the Court to review and approve the terms of the settlement, and the Settlement Agreement, reached by the parties in this

matter. Upon approval of the Settlement Agreement by the Court, the parties will enter a stipulation of dismissal, with prejudice.

Dated: March 2, 2016

| | |
|---|---|
| */s/ Eric J. Uhl* | */s/ James A. Clifford* |
| Eric J. Uhl | James A. Clifford |
| LITTLER MENDELSON, P.C. | CLIFFORD & CLIFFORD, LLC |
| One Monument Square, Suite 600 | 62 Portland Road, Suite 37 |
| Portland, ME 04101 | Kennebunk, ME 04043 |
| (207) 774-6001 | (207) 985-3200 |
| euhl@littler.com | james@cliffordclifford.com |
| | |
| Attorneys for Defendant | Attorney for Plaintiff |

## CERTIFICATE OF SERVICE

I, Eric J. Uhl, attorney for Defendant, hereby certify that on this date I caused to be electronically filed the foregoing document using the CM/ECF system which will send notification of such filing to all registered participants.

Dated:  March 2, 2016

                                            */s/ Eric J. Uhl*
                                            Eric J. Uhl
                                            **LITTLER MENDELSON, P.C.**
                                            1 Monument Square, Suite 600
                                            Portland, ME  04101
                                            (207) 774-6001
                                            euhl@littler.com

                                            Attorneys for Defendant